I'm the plaintiff in this case. And could you please identify yourself for the record by name? Yes, Your Honor. My name's Lee Shelton, and I'm the plaintiff in this case. I brought an action against the defendants to deny them a discharge in bankruptcy. The defendants filed an answer. They later filed an amended answer, which set forth two affirmative defenses, one lack of standing, and two counterclaims, the second of which was an action under the Oregon Collection Agency statute, and they sought an injunction prohibiting me from appearing in the bankruptcy court and from further collection on this debt. They then filed a motion to dismiss under 11 U.S.C. 105A, a motion to dismiss and a motion for sanctions. They also filed a bankruptcy rule 9011 motion for sanctions. I moved to strike the affirmative defenses of lack of standing and unclean hands on the basis that those were more properly brought as Rule 12b-6 motions to dismiss. The court disagreed with me and allowed the filing of at least one of those affirmative defenses. The court noticed a hearing on April 16, 2003. The matters noticed were both of the defendants' motions to dismiss, the defendants' motion to compel, or the defendants' motion for a protective order, my motion to compel, and I forgot what the other one was. My motion to strike, okay? At the hearing, the first matter of business, the court allowed the filing of the defendant's amended answer. The court ruled in preliminary rulings it was not prepared to rule on the issue of whether or not I was required to have a collection agency license, and the court felt the issue of standing was a threshold matter and directed the parties to proceed. The court asked if we were prepared to proceed, and both parties said we were, and the hearing was conducted. I didn't file a reply brief, so I'll address a couple of things in their brief. The court's finding that I usually filed as an assignee of ATAS is in error. There was only one case introduced that showed I filed as an assignee of ATAS. Out of four or five cases, the court states in its opinion that I conceded that I fit within the definition of a collection agency. You will not find that anywhere in the record. I did not concede that. I maintained at all times that I was exempt, exempt because under Oregon Statute 697.005 1BL2i, I am a factor. And you're a factor because? I buy accounts, and I pursue them. And under Oregon law, I gather that to be a factor, you somehow have to be in the business of providing financing to the company from which you are getting, I'll use a generic term, these accounts receivable. Is that right? No, that is not correct. The state did have statutes regulating factors, I believe, in 1975 or 1977. They repealed them in 1981, I believe. There are no statutes in Oregon that regulate factors. I understand that. I'm trying to figure out whether you are a factor. Well, under that 697.005, which L1 and 2, I am, because the wording of the statute says specifically for the purposes of this paragraph. Don't you have to be operating under some sort of overall agreement with the enterprise for which you're the factor? No, there is no Oregon requirement. There is no case law. There are no statutes that require that. In fact, just recently, a state court judge ruled that I am a factor under the Oregon statute, and that court pointed out that the paragraph specifically says for the purposes of this paragraph. It's just a little thing in Oregon law that sets that out. I also want to point out that they cite Tri-City Building Center in their brief, and that involves a statute that was repealed some time ago. My point is that the state of Oregon has never legislated to control or regulate people who buy accounts and purchase them and seek to recover in their own name. To your understanding, under Oregon law, what's the difference between a factor like you and a collection agency? A collection agency collects money for other people. I do not. I collect money for myself. They are assigned an account. They don't buy it. It's assigned to them, and they pursue it in their own name. But they're pursuing on behalf of a third party. I do not do that. I buy an account outright, and I pursue it in my own name. Well, I thought there was something in the record here that when some debtor paid the person who bought the account from them, that satisfied the debt. That is correct. Remember that instance? Yes. Isn't that just the same as an assignment? No, Your Honor. That was a glitch. A what? That was a glitch. In fact, I testified to that because I thought it should be out there. It was something that happened, and Oregon law says if a debtor does not know about the assignment, he can pay the original creditor, and he's no longer bound to whoever has the assignment. And because he had gone ahead and paid the original debtor, I dropped the case because under Oregon law, it was perfectly legitimate for him to do what he did. I could no longer pursue it. I had to go get my money from those guys, the people he paid. Mr. Shultz, could you help me out by telling me under which subparagraph of 697.005 do you say you're a factor? I believe it's 697.005.1BL. Two little i's. Doesn't two call for an agreement? Yes, it does. Soliciting or collecting on accounts that have been purchased from commercial clients under an agreement? That is correct, and my assignment constitutes an agreement under Oregon law. Oregon case law states that all that is required for an agreement, the necessary item for an agreement, is consideration. And he has received consideration. I pay him. So that every assignment would be an agreement? Under, yes. If you'll read the testimony of Mr. Dale Laswell, who was at the time the person responsible for issuing collection agency license. I've asked the Court to take judicial notice of that. He stated that for purposes of statute law. You referred to case law. Is there case law apart from Mr. Laswell's statement in another proceeding? No. No. The Oregon case law is empty on this. But, Your Honor, if, as you say, every assignment is an agreement, then why does that make every collection agency a factor? Because they get assignments, and they have agreements. That is correct, Your Honor. The difference is that they do not purchase their accounts. Well, is that what the statute says? Yes. They purchase the account? The factory statute specifically says anybody who purchases an account. The collection agency statute doesn't require them to purchase an account. And because they are collecting for a third party on an assigned account they have not purchased, they are regulated. They are required to be regulated. You've got 30 seconds left. Why don't we hear from the other side, and then we'll give you a chance for rebuttal. I'm sorry? You've got 30 seconds left. Why don't we hear from the other side, and then you'll have a chance for rebuttal. Thank you. Hey, police, the court, and the parties. My name is Judson Carrison. I'm the attorney for Katherine Wilson and Philip Crystal, the defendant debtors in this matter. The recent decision of the Oregon Circuit Court that Mr. Shelton referred to is not before the court. It's not a published opinion. It's a later proceeding. It involves totally different facts. I'm not even aware of what the reasoning of the court was, or I've seen a transcript, so that is not binding on this court as an unpublished opinion from a motion hearing. I'm sorry. Did you say that there is a decision of the Oregon Circuit? It's not a decision. It's just a circuit court decision in a specific case. There's no written opinion published for binding effect in the state of Oregon from the case that Mr. Shelton is referring to. Would there be a non-binding opinion? I mean, is it an expression of Oregon law that we're allowed to look at? It's the decision of one judge in a circuit court case involving facts totally separate from this case, facts specific to what Mr. Shelton was doing at the time. The injunction prohibits Mr. Shelton from operating as a debt collection agency unless he's in compliance with the law. I'm not even aware of what facts were presented to that court, nor is there anything that I can read to argue against that case. The factual finding of the bankruptcy court in the district court that Mr. Shelton frequently pursues cases as an assignee is supported by more than just the one case he referenced. In fact, in this specific case, he presented a confession of judgment to the debtors that classified himself as the assignee of eight debts. The testimony of Dale Lasswell, which is before this Court on Mr. Shelton's motion, to take notice of additional evidence and facts presented at a later hearing before the bankruptcy court is also not part of the record and before this Court. There's no chance to develop that issue with regard to the standing proceeding that happened earlier in the bankruptcy court, nor was there any waiver, as the debtors objected to that testimony, nor is there notice from Mr. Shelton that he was seeking to relitigate the standing issue. In fact, the Court's discussion in the supplemental transcript at page 5, line 13 to page 7, line 1 through 8, makes it clear that the judge was allowing Mr. Shelton some limited leeway to put on evidence whether or not he had a good-faith belief when he filed his case so that he could defend against the frivolous motion for sanctions for frivolous pleading. And, in fact, even if the Court were to consider that evidence, it is not confident on the issue of whether Mr. Shelton is a debt collection agency. According to the Springfield Education District v. Springfield School District No. 19, Oregon Supreme Court decision, an agency that is not granted discretion to interpret the statute can have no binding interpretations. It's a matter of law, and it's for a court to decide what the definition of the factor is in the State of Oregon. How do you respond to Mr. Shelton's argument that he is not a collection agency but is rather a factor because, as he describes it, a collection agency does not purchase the account but rather is merely the agent of the original predator? He, by contrast, has purchased these accounts. How do you respond to that argument? There are many different types of debt collection actions in Oregon, and there are purchasers of accounts who fall under the statute for regulation. And do we have that in the record? I do not believe that there is a record of various types and forms of collection actions that can occur in Oregon. But if you look at the genesis of the debt collection statute, it makes clear that there is a distinction between outright purchasers and factors. If you follow through, the term factor doesn't appear until the 1975 enactments. And in that year, they had definitions of both purchasers who were excluded from the statute and factors who were excluded from the statute, making a distinction between the two types of entities or people who were excluded from the statute. As that develops, then, by 1981, the definition of purchasers as an excluded entity is dropped, and the definition of factor is expanded, maintaining the language that the factor must acquire these debts under an agreement. That language for factors acquiring debts under agreement remains in the statute from 1981 to the current statute before the Court. Is there any Oregon case that construes the meaning of that term agreement, the factoring statute? Not in the factoring statute in the Debt Collection Agency Regulation Act. There are some Oregon cases that refer to the entity of a factor, and in all those cases, the courts have looked at a formal relationship between the factor and the creditor. If you look at the definition in this statute, when it talks about purchasing or soliciting to purchase accounts under an agreement, it's relating back to the factor-creditor relationship. And here, the most relevant testimony was the testimony of the creditor, the President for AITES, who clearly said that Mr. Shelton was not his factor, that he had no formal arrangement with Mr. Shelton, that Mr. Shelton occasionally solicited debts for purchase from him so that Mr. Shelton could collect those debts. Without that factor-creditor arrangement, then this definition would basically subsume the whole. Anyone, I think as the Court noted to Mr. Shelton, could purchase a debt and pursue collection of that debt and avoid regulation from this statute. That would create an exception that would encompass. Is it true that the general practice of debt collection in Oregon is by way of an assignment with Rehorse? That would not be the general method. Like I said, there are multiple methods. The record is not developed on the full scope of possible collection actions in the State of Oregon that would – legal arrangements. When I say assignment with Rehorse, as opposed to the type of outright purchase that Mr. Shelton says he engages in. In other words, what I'm trying to get at is why is that not a valid distinction? That an outright purchaser would be excluded. An outright purchaser of a debt without Rehorse is not covered by – is not a collection aid. Well, that was what the 1975 statute said, and that provision was deleted in 1981. In 1977, they expanded the definition of purchaser but deleted factor. They seem to have gone back to refining that exclusion down to this concept of a factor and got rid of the concept of purchaser of debt without Rehorse. And that was the specific language in 1975 that was eventually eliminated by the Oregon legislature. So it appears that leading up to that point, the legislature's silence on an exclusion for a purchaser without Rehorse meant that the purchasers were included by not being specifically included. The few cases that have looked at this statutory scheme have described it as a comprehensive scheme for the regulation of debt collection. And therefore, if there's not a specific exclusion, one would assume that the legislature intended it applied to everyone who was not specifically excluded. Well, but I'm not just reading the specific exclusion for factoring, the double I exclusion. It says anyone who is soliciting or collecting on accounts that have been purchased from commercial clients under an agreement, then whether or not the agreement – I mean, it doesn't say overarching agreement. It doesn't say agreement covering more than the particular debt. It just says an agreement. And obviously, there's no way you're going to purchase something from somebody without an agreement. That's inherent in the notion of purchase. There's an agreement to purchase and to sell. So why doesn't it come within the definition? Because the small Roman numeral II definition relates back to the larger paragraph under subparagraph L that says any person, while the person is providing factoring services, and a factor is then defined within these two, small Roman numeral I and small Roman numeral II. That's right. And I just read you number two, which defines one possibility of being a factor. But they would have to be engaged in providing factoring services in this method. And I just said, well, why isn't he doing it in this method? The method being purchasing an account from a commercial client under an agreement. Why is he – why doesn't he qualify under that criterion? Because the basic tenet of the factoring relationship is that the creditor and factor have an ongoing relationship, not the ad hoc purchase of random accounts. And how do I know that? I'm going to say the ongoing relationship. Those words aren't in the statute. No, but the statute says that the person is providing factory services, and that's a relationship between the factor and creditor under Oregon law. But all of what it said is providing factoring services for the purposes of this subparagraph, if a person does such and such, and one of the things is to purchase under an agreement. It seems like that's all that is required to meet the definition of providing factoring services. But if the court meant that to apply generally to anyone who purchased without recourse, then it would not have deleted that specific definition from the 1975 statute and replace that with this concept of the factoring relationship, which is a factor-creditor relationship under an agreement to provide those factoring services. The 1975 statute specifically says, under the list of excluded persons, quote, persons, firms, or businesses who purchase accounts without recourse. Then later in that section, it has factoring or collection agencies further defined. In 1975, they had two different definitions of purchasers without recourse and factors. By 2001, purchasers without recourse are eliminated from the statutory scheme, and we have left the factoring exception, which came in at a time when they were using both. That would suggest that the Oregon legislature was clearly refining this exception down to the factor-creditor relationship as a narrow exception or exclusion to the statute, and that purchasers without recourse were now being covered so that we don't have a situation where anyone can get around the statute by simply claiming they purchased a debt without recourse and therefore are free from regulation by the state of Oregon. And just why is this a matter of state law at all? In this bankruptcy proceeding, why shouldn't it be a matter of bankruptcy laws to federal laws to who's the creditor and who has standing to collect on the debt? Under the cases that define standing for the purposes of appearing in a bankruptcy court, the U.S. Supreme Court has a definition of that relationship, which refers back to a certain extent state law and requires that there be some valid basis to pursue the claim that is the debt in question in the bankruptcy court. In that context, if Mr. Shelton is not authorized to collect under Oregon law, therefore he does not have a claim and is not a creditor under the bankruptcy code. What's the Supreme Court pronouncement that you have in mind? Well, I don't want to distract you from... That's all right. I had nothing further other than to respond to your questions. I can't find it at the moment, Your Honor, but it is in the brief. There's a discussion of the requirement for standing in the bankruptcy court and how that issue becomes relevant and incorporates the state law definition of who has the authority to collect a claim. Okay. Will you run over slightly? Thank you for your argument. Thank you. I'm afraid I'm the runner over. I think it was not counsel's problem but mine. Mr. Shelton? Yes, Your Honor. There's one or two issues. The bankruptcy court exceeded its jurisdiction in entering the restraining order or the injunction pursuant to ORS 697.0871. That statute says any injured party can seek to enjoin action in an appropriate court. The bankruptcy court is not an appropriate court. The state of Oregon's legislature cannot confer jurisdiction on the bankruptcy court. The bankruptcy court's injunction power comes from 105, 11 U.S.C. 105, and Bankruptcy Rule 7065. The purpose is to handle those things that are not set forth in the bankruptcy code or the bankruptcy rules. That's all I have, Your Honor. Okay. Thank you very much. Thank both sides for their argument. The case of Shelton v. Crystal is now submitted for decision.
judges: Tashima, W. Fletcher, Pollak